I,KIRBY, Judge.
Defendant/Appellant, Regional Transit Authority/Transit Management of Southeast Louisiana and its streetcar operator, Mark Washington (“RTA/Washington”) appeal the trial court’s finding of one hundred percent (100%) liability against defendant/appellant. Based upon our finding of no manifest error, we affirm.

STATEMENT OF THE CASE

Plaintiff, Cheryl Gilton Williams, filed suit against the Regional Transit Authority and its streetcar operator, Mr. Washington, as well as Albert J. Trepagnier and his automobile insurance carrier, Shelter Mutual Insurance Company(“Shelter/Tre-pagnier”). Ms. Williams seeks recovery for personal injuries sustained as a result of a traffic accident which occurred on October 16, 1997. The accident occurred when a streetcar being operated by Mr. Washington, and upon which Ms. Williams was a passenger, struck a vehicle being operated by Mr. Trepagnier as he crossed Carondelet Street while on Poydras Street.
| pPrior to the occurrence of the accident, Mr. Trepagnier was stopped in the lake-bound lane of Poydras at the Carondelet intersection for a red light. The streetcar had been stopped on the uptown side of Carondelet at Poydras to take on additional passengers. When Mr. Trepagnier’s light turned green, he glanced around and proceeded through the intersection during the course of which his vehicle was struck at the left rear door/quarter panel by the streetcar. The trial court found that Mr. Washington was solely at fault in attempting to cross the intersection by starting up from a stopped position on a yellow light.
Appellants maintain that the operator entered the intersection on a green light and, therefore, preempted an intersection, which consisted of six moving lanes of traffic, two parking lanes and a twenty-two foot neutral ground. Appellants assert that Mr. Trepagnier was negligent in not seeing or hearing the streetcar and in not avoiding the accident. Nevertheless, appellants do not dispute that Mr. Trepagnier had a green light when he proceeded into the intersection.
On February 14, 2000, a trial proceeded before the Civil District Court for the Parish of Orleans on the bifurcated issue of liability. After hearing testimony and reviewing the evidence presented, the trial court ruled that the RTA, Transit Management of Southeast Louisiana (“TMSEL”) and Mark Washington were solely liable for the accident that occurred on October 16, 1997, at the intersection of Carondelet and Poydras in New Orleans, Louisiana.
*1265 On February 14, 2000, the trial court concluded in its dictated reasons, that the RTA, TMSEL and Mark Washington were one hundred percent (100%) liable | -¡because the Court concluded that Mark Washington entered the riverbound lanes of Poydras on a yellow light and because he did not ring the warning bell.

STATEMENT OF THE LAW

We review the trial court’s factual finding that RTA, TMSEL and Mark Washington were one hundred percent liable, under the manifest error rule.
In our three-tiered judicial system, findings of fact are allocated to the trial courts. It is a well-settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Rosell, supra at 845; Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra at 1333. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra at 844. The reviewing court must always keep in mind that if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even if convinced that if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La. 1990).
For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong but whether the factfinder’s conclusions were reasonable. Stobart, supra at 883; Theriot v. Lasseigne, 640 So.2d 1305 (La.1994).
Mistich v. Volkswagen of Germany, Inc. 95-0939, (La.1/29/96), 666 So.2d 1073, 1077.
In this case, there was conflicting testimony. Mr. Washington asserted that he began crossing the intersection on a green light. A permissible view of the testimony and evidence though is that this was not the case.
Two independent eyewitnesses testified that at the time of impact, the light was green for Mr. Trepagnier who was on Poy-dras Street. The plaintiff and another streetcar passenger testified that the light was red at the time of impact for the streetcar. There was no proof that the light at the intersection was malfunctioning, so we have to conclude that the light was red for the streetcar at the moment of impact in the Poydras and Carondelet intersection.
The streetcar traveled at about 5 miles per hour as per Mr. Washington’s testimony. Mr. Burkart, an expert in the field of accident reconstruction, testified that given the range of time that the light remained yellow,[1] the speed of the streetcar, *1266 and the fact that it was red upon impact, the light had to have been yellow when Mr. Washington began to cross the intersection. Although we are not convinced of this estimate, because it is impossible to determine exact timing of the traffic signal, acceleration speeds of automobile and places from which they began their respective accelerations, it is a permissible view of the evidence. The trial court committed no error in accepting the expert witness’s finding.
|RWe have reviewed the record and found support for this finding. As a permissible view of the evidence, we are without power to reverse this factual finding. Therefore, we affirm the judgment of the trial court.
AFFIRMED.

. Time based on thé signal light inventory that was subpoenaed from the City of New Orleans.